UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE L. SIMMONS,

       Plaintiff,                                Case No. 1:08-CV-822

v.                                               Hon. Robert J. Jonker

WILLIAM (BILL) JOHNSTON, et al,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO MODIFY THE CASE MANAGEMENT ORDER**

Pending before the court is a motion by the plaintiff to modify the Case Management Order filed November 18, 2008 following a Rule 16 Scheduling Conference the previous day. The Rule 16 Scheduling Conference was scheduled before the undersigned for 10:00 a.m. on November 17, 2008, in Grand Rapids, Michigan. Counsel for the defendants appeared at the scheduled time, but the *pro se* plaintiff did not appear. Nor did plaintiff contact either the court or the defense counsel to explain his absence. Although the court was not obligated to do so, the court placed a telephone call to plaintiff's home in the Kalamazoo area and learned that he had left over two hours earlier, for what plaintiff acknowledges in his motion is usually less than a one-hour trip. Although the court was aware that at some point there had been a traffic accident somewhere between Kalamazoo and Grand Rapids, the court had no way of knowing whether or not this had anything to do with the plaintiff's absence. The court put these circumstances on the record and then indicated that since defense counsel had appeared, the Joint Status Report which was to serve as the

basis for the Case Management Order ("CMO") had already been agreed upon and signed by the parties, and the court had a 10:30 a.m. criminal matter scheduled on its docket, it did not appear feasible to wait an indeterminable amount of time until the plaintiff either appeared, if he was going to do so, or called to notify the court of his circumstances. Plaintiff never did call this office.

It appears that even when plaintiff did arrive at the courthouse, he made no effort to contact this office. Indeed, it was not until 10:45 a.m., when plaintiff was noticed on a security camera sitting outside the courtroom doors, that the undersigned's case manager knew of his presence and approached him to tell him what had happened.

While the court normally would have no reluctance to reconvene the Rule 16 Conference where a party failed to appear through no fault of his own, if there was a reasonable need to do so, the court will not do so on the basis of the present motion for two reasons. First, the motion is procedurally defective. Second, as more fully discussed below, the two reasons raised in plaintiff's motion for modifying the CMO simply do not require a further hearing.

The motion to modify the CMO is defective because plaintiff failed to submit a brief in support thereof, as required by W.D. Mich. L.CivR 7.1(a), and because there is no evidence that plaintiff made any attempt to ascertain whether his motion would be opposed. W.D. Mich. LCivR 7.1(d). All motions are required to affirmatively state the efforts of the moving party to comply with this obligation. *Id.*

Plaintiff also fails to provide any substantive basis to hold a second Rule 16 Scheduling Conference. He first argues that the November 30, 2008 deadline for making 26(a)(1) disclosures is restrictive, and asks to extend this deadline to May 1, 2009. The November 30, 2008 date is perfectly appropriate. Federal Rule of Civil Procedure 26(a)(1)(C) provides that 26(a)(1)

disclosures are normally to be made within 14 days after the parties confer for the purpose of preparing the Joint Status Report. The court will assume that the parties conferred for purposes of preparing the Joint Status Report no later than November 12, 2008, the date the Joint Status Report was filed.[1] Thus, the November 30th date complies with this rule.

Of course, a party may object to the normal 14-day disclosure period at the time he confers with opposing counsel, Rule 26(a)(1)(C), but that brings us to the second reason why it is unnecessary to revisit this matter. Plaintiff made no objection to the November 30, 2008 deadline for initial disclosures, but rather signed the Joint Status Report agreeing to that date. Nor has plaintiff offered any reason in his present motion for extending that date an additional five months, and the court finds none. To afford plaintiff some leeway in the event that plaintiff has failed to comply with the November 30, 2008 date, he shall do so within 30 days of the date of this order.

Plaintiff also asks the court to require defendants' attorney (or the defendants) to submit a "Proposed Settlement Memorandum consistent with the calculated value of damages by offer of a substantial amount." Here plaintiff misapprehends the function of the court. While it is perfectly appropriate for the court to inquire into the likelihood of the parties settling the case, and to assist the parties in doing so, *see, e.g.,* Rule 16(c)(2)(I), and in fact the court has scheduled a settlement conference next October, the court cannot require a party to offer any amount of money in settlement. Merely because a plaintiff has the right to file a lawsuit does not mean he is entitled to prevail.

---

[1] When the parties signed the Joint Status Report, they both dated it "November 31, 2008." This date is obviously incorrect for two reasons: the Joint Status Report was clearly signed over two weeks prior to that date, and there are not 31 days in November.

For the reasons stated, plaintiff's motion to modify the Case Management Order (docket no. 14) is DENIED and the Case Management Order will remain in effect as written, with the provision that if plaintiff has not yet made the required 26(a)(1) disclosures that were due by November 30, 2008, he shall make these disclosures not later than thirty (30) days following the date of this order.

IT IS SO ORDERED.


Dated:  December 22, 2008                       /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge