UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE L. SIMMONS,

    Plaintiff,

v.

WILLIAM JOHNSTON, et al.,

    Defendants.
_____/

CASE NO. 1:08-CV-822

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 67), Plaintiff's Objections (docket # 70), Defendants' Response to Plaintiff's Objection (docket # 71), and Plaintiff's brief in reply (docket #73) . Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 28) be granted, that Counts I and II be dismissed as to all defendants, and that all claims against William Johnston be dismissed. In particular, the Report and Recommendation concludes that William Johnston is not individually liable under Title VII on the sole basis asserted by Plaintiff: namely, that Mr. Johnson was the president and sole shareholder of Plaintiff Lawrence Simmons's employer. It further recommends summary judgment on the 42 U.S.C. § 1981 and 1981a claims against Mr. Johnston because there is no factual support for the section 1981 claim and because the section 1981a claim necessarily fails as a result of the summary judgment of the section 1981 claim. Mr. Simmons accepts most of the conclusions of the Report and Recommendation but he makes several objections to the Magistrate Judge's conclusions regarding Mr. Johnston. None of which undermine the Report and Recommendation's analysis and recommendation.

Mr. Simmons contends that Mr. Johnston may be liable under Title VII as the president and sole owner of Mr. Simmons's former employer. The Report and Recommendation correctly concluded that Mr. Johnston may not be liable under Title VII solely on the basis of his status as president and sole shareholder of the employer. *See Dearth v. Collins*, 441 F.3d 931, 933-34 (11th Cir. 2006). Mr. Simmons also contends that summary judgment on the 42 U.S.C. § 1981 claim was improper because Mr. Johnston could be held individually liable under section 1981 even if he was not personally involved in the discriminatory action. This position is legally incorrect. *See, e.g.*, *Wagner v. Merit Distrib.*, 445 F. Supp. 2d 899, 909 (W.D. Tenn. 2006). Because the record contains no evidence that Mr. Johnston was personally involved in the employment decisions regarding Mr. Simmons, summary judgment for Defendants is proper on this issue. *See id.* Mr. Simmons also objects to the dismissal of his 42 U.S.C. § 1981a claim because he contends that Defendants did not move for dismissal of that claim. Section 1981a, however, does not afford an independent ground

for relief, and dismissal of that claim was proper in light of the failure of Mr. Simmons's section 1981 claim. *See Powers v. Pinkerton, Inc.*, 28 F. Supp. 2d 463, 472 (N.D. Ohio 1997) (dismissing a section 1981a claim after the underlying civil rights claim was dismissed even though the defendant did not move for summary judgment on the claim).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 3, 2009, is approved and adopted as the opinion of this Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket # 28) is **GRANTED**, Counts I and II are **DISMISSED** as to all defendants, and all claims against William Johnston are **DISMISSED**.


Dated:   September 24, 2009              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE