UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE L. SIMMONS,

    Plaintiff,

v.

WILLIAM JOHNSTON, et al.,

    Defendants.
_____/

CASE NO. 1:08-CV-822

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION AND DENYING MOTIONS FOR LEAVE TO AMEND

The Court has reviewed Magistrate Judge Brenneman's October 13, 2009 Report and Recommendation (docket # 84), Defendants' Limited Objections to Report and Recommendation (docket # 86), and Plaintiff's Objections to the Report and Recommendation (docket # 90).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Defendants' limited objections, and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, as supplemented by this Order, is factually sound and legally correct.

Defendants' limited objections seek only clarification that summary judgment is appropriate not only for the reasons the Report and Recommendation describes, but also because Plaintiff has not made a credible showing that the reason proffered for his employment termination was pretextual, as required under the *McDonnell Douglas* burden-shifting test. *See, e.g., Balmer v. HCA, Inc.*, 423 F.3d 606, 614 (6th Cir. 2005) (to survive summary judgment, plaintiff in employment discrimination case lacking direct evidence must show both prima facie case and that non-discriminatory reason proffered for adverse employment action is pretextual). The Court agrees with Defendants, and nothing in the Report and Recommendation is to the contrary. A plaintiff may demonstrate pretext "by showing that the employer's stated reason for the adverse employment action either (1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action." *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 391 (6th Cir. 2009) (quoting *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 (6th Cir. 2008)). Plaintiff has shown none of these. On the contrary, Plaintiff himself has conceded that his employment termination was not based on racial animus. (Simmons Dep. at 90-92.) The Court finds no evidence sufficient to create a genuine issue of material fact that the reasons proffered for Plaintiff's termination was pretextual, and Defendants are entitled to summary judgment on this basis as well

as for the reasons the Report and Recommendation (docket # 84) articulates. *See Balmer,* 423 F.3d at 614.

Plaintiff does not raise specific objections to the Report and Recommendation, or challenge in any specific way the analysis of the Report and Recommendation. The failure to lodge specific objections is sufficient basis, standing alone, for this Court to adopt the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, in this case the Magistrate Judge's analysis carefully considers the record and accurately states and applies the law. There is no genuine issue of material fact in the record, and Defendants are plainly entitled to judgment as a matter of law.

Also before the Court is Plaintiff's Emergency Motion for Expedited Evidentiary Hearing to Alter or Amend Judgment (docket # 80). This motion is in essence a motion for reconsideration of the Court's Order approving the Magistrate Judge's Report and Recommendation of August 3, 2009 (docket # 67) as further supplemented by the Order (docket # 74). To succeed in a motion for reconsideration, a movant must demonstrate "a palpable defect by which the Court and the parties have been misled," and "also show that a different disposition of the case must result from a correction thereof." L.Civ.R. 7.4(a). Plaintiff has not satisfied this demanding standard. Indeed, Plaintiff's motion simply restates pieces of the Court's Order (docket # 74) and expresses a generalized disagreement with the Court's decision. Plaintiff contends that the Court "committed legal and factual error in adopting the Report and Recommendation," but he offers neither legal authority nor factual support for this claim. (Emergency Motion for Expedited Evidentiary Hearing to Alter or Amend Judgment, docket # 80, at 4.) Plaintiff has shown neither a palpable defect nor

that a different result is warranted in this case. His motion, which was untimely filed in any event, cannot succeed.

Also before the Court is Plaintiff's Motion for Leave to Amend the Complaint to Conform to the Evidence (docket # 88). Through the motion, Plaintiff attempts to attack again the Magistrate Judge's earlier recommendation that the Court dismiss all claims against Defendant William Johnston from the case (docket # 67). Plaintiff has already raised, and the Court has already rejected, objections to the Magistrate Judge's recommendation that all claims against Defendant Johnston be dismissed. (Report and Recommendation, docket # 67; Plaintiff's Objections, docket # 70; Order Approving Report and Recommendation, docket # 74.) Plaintiff's motion (docket # 88), which is untimely in any event, adds nothing new or significant to the Court's analysis and will be denied.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed October 13, 2009 (docket # 84), is approved and adopted as the Opinion of this Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 59) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings or Summary Judgment (docket # 62) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Expedited Evidentiary Hearing to Alter or Amend Judgment (docket # 80) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint to Conform to the Evidence (docket # 88) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (docket ## 76, 77) is **DISMISSED AS MOOT** in light of the Court's decision on summary judgment.

**THIS CASE IS CLOSED**.


Dated:     November 23, 2009              /s/ Robert J. Jonker
                                                                              ROBERT J. JONKER
                                                                              UNITED STATES DISTRICT JUDGE